UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. RYAN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LINCOLN, a municipal corporation; COUNTY OF PLACER, a charter County; TONI FRAYJI, an individual, FRAYJI DESIGN GROUP INC., a California Corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | No. 2:18-cv-00096-KJM-DB<br><br><br><br>ORDER |

Defendant City of Lincoln moves under Federal Rule of Civil Procedure 12(b)(1) to dismiss all claims against it in plaintiff Richard Ryan's operative First Amended Complaint ("FAC"), for lack of subject matter jurisdiction. ECF No. 12. Having reviewed the complaint's allegations and the parties' respective briefing on the motion, the court GRANTS defendant's motion.

I. BACKGROUND

Ryan brings five claims against the City of Lincoln, among other defendants, related to defendants' alleged taking of Ryan's property for public use without providing just compensation. FAC ¶ 23. Two of the claims are federal claims: Inverse condemnation in

1

violation of the Fifth Amendment (claim 1) and violation of due process under the Fourteenth Amendment (claim 2). *Id.* ¶¶ 23–32. The other three claims are state claims: Making a false promise (claim 3) and two claims for intentional misrepresentation (claims 4 and 5). *Id*. ¶¶ 33–44. Ryan purchased the subject property—968 Virginiatown Road, Lincoln, California—in 2001. *Id.* ¶¶ 12–13. In January 2015, Placer County issued Ryan a residential construction permit to build his personal residence on the property. *Id.* ¶¶ 13–14, 17, 20. On May 6, 2015, the City formally began annexation proceedings with respect to a large portion of County territory to facilitate development of a master-plan community known as the Lincoln Village 1 Specific Plan ("Village 1 Plan"). *Id.* ¶ 15. Ryan's property sits within the territory that was annexed. *Id.* Ryan alleges he did not receive notice from the City of the annexation until after it become final, *id.* ¶ 16; the City promised him, despite the annexation, that he could still "absolutely build his house," *id.* ¶ 17; but the City and County then conspired to prevent him from completing construction of his home, *id.* ¶ 18. Further, Ryan alleges County officials informed him on March 14, 2017 of a discrepancy involving a water well on his property, and told him that if the discrepancy was not resolved by the residential construction permit's expiration date of May 5, 2017, the County would not renew his permit. *Id.* ¶¶ 14, 20. Ryan did not resolve the discrepancy and the County declined to renew his permit. *Id.* ¶ 21. Finally, Ryan claims the City has demanded he move his house pad to a new location, which is cost prohibitive. *Id.* Alternatively, by zoning the property "Open Space" under the Village 1 Plan, Ryan alleges the City has effectively rendered his property void of all intended use. *Id.*

II. <u>LEGAL STANDARD</u>

Under Federal Rule of Civil Procedure 12(b)(1), a defending party may move for dismissal for lack of subject matter jurisdiction. "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack claims the "allegations contained in [the] complaint are insufficient on their face to invoke federal jurisdiction," whereas a factual attack "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* If there is ambiguity as to whether the attack is facial or factual, the court applies a facial analysis. *See Wichansky v. Zoel Holding*

2

*Co., Inc.*, 702 F. App'x 559, 560 (9th Cir. 2017) (district court erred in construing defendants' 12(b)(1) motion as factual, rather than facial, where ambiguity existed).

The court treats a jurisdictional "facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). Accordingly, the court ordinarily "may not consider any material beyond the pleadings" when deciding the motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The court may, however, consider extrinsic evidence under Federal Rule of Evidence 201 by taking judicial notice of "matters of public record." *Id.* at 688–89 (quoting *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)).

Here, although it does not say so explicitly, the City appears to bring a facial attack. *See* ECF No. 19 (citing *O'Bryan v. Holy See*, 556 F.3d 361, 376 (6th Cir. 2009) (addressing standards applicable "in a 12(b)(1) facial challenge . . .")). Ryan does not take a position to the contrary. Therefore, the court analyzes the motion as a facial challenge. *See Wichansky*, 702 F. App'x at 560; *see also BP Chemicals Ltd. v. Jiangsu Sopo Corp.*, 285 F.3d 677, 680 (8th Cir. 2002) (treating 12(b)(1) motion as facial where movant, although not explicitly asking, confined jurisdictional challenge to the allegations in the complaint only).

III.     REQUESTS FOR JUDICIAL NOTICE

As a preliminary matter, both the City and Ryan ask the court to take judicial notice of several documents in support of their respective positions. Reqs. for Jud. Notice, ECF Nos. 17, 20. Ryan seeks judicial notice of a claim form filed with the City complaining of his inability to build his home. ECF No. 17. The City requests the Village 1 Plan and portions of the City's zoning ordinance be judicially noticed. ECF No. 20. As explained below, Ryan's request for judicial notice is DENIED, and the City's request is GRANTED.

The court may judicially notice a fact so long as it is not subject to reasonable dispute because it "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be

questioned." Fed. R. Evid. 201(b).  Generally, "public records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies" are subject to judicial notice. *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015).

Here, Ryan asks the court to judicially notice a "City of Lincoln Liability Claim Form" that he says he submitted seeking monetary damages related to the inability to construct his home as planned. ECF No. 17. The City objects to Ryan's request "to the extent it seeks to take judicial notice of anything beyond the fact that Plaintiff filed the claim." ECF No. 19 at 12 n.5.[1] The court declines to take judicial notice of the contents of Ryan's claim form because the contents are not readily determined from indisputable sources. Nor is the claim form incorporated by reference in the operative complaint, and the truth of the contents are generally disputed by the City. *Cf. Pierce v. Cty. of Marin*, 291 F. Supp. 3d 982, 990 n.3 (N.D. Cal. 2018) (taking judicial notice of county claim form because it was referenced in complaint and undisputed by opposing party). While the court could take notice of the date on which the claim form was filed and the fact of its filing, these judicially noticeable facts are irrelevant to the issues before the court. *See Schaldach v. Dignity Health*, No. 2:12-CV-02492-MCE-KJN, 2015 WL 5896023, at *3 (E.D. Cal. Oct. 6, 2015) ("The Court has no obligation to take judicial notice of irrelevant facts and declines to do so here.").

The City's unopposed request for judicial notice is granted because the Village 1 Plan and portions of the City's zoning ordinance are readily available public records maintained on a government agency website. *See Cty. of Santa Clara v. Trump*, 250 F. Supp. 3d 497, 510 n.2 (N.D. Cal.) (taking judicial notice of letter from Assistant Attorney General maintained on official government website)*, recon. denied,* 267 F. Supp. 3d 1201 (N.D. Cal. 2017)*, appeal dismissed as moot sub nom. City & Cty. of San Francisco v. Trump,* No. 17-16886, 2018 WL 1401847 (9th Cir. Jan. 4, 2018). The court thus relies on the information contained in the Village

/////

---

[1] ECF page cites refer to ECF pagination only, not internal document pagination.

4

1 Plan and portions of the City's zoning ordinance, specifically Lincoln Municipal Code §§ 18.54.030, 18.54.040, 18.58.020, in resolving this motion.

### A. Claim One: Inverse Condemnation

Under the Fifth Amendment, "[w]hen the government physically takes possession of an interest in property for some public purpose, it has a categorical duty to compensate the former owner, regardless of whether the interest that is taken constitutes an entire parcel or merely a part thereof." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 535 U.S. 302, 322 (2002) (citation omitted). A Fifth Amendment takings action brought in federal court is ripe for review only if two requirements are satisfied: (1) "the government entity charged with implementing the regulations [must have] reached a final decision regarding the application of the regulations to the property at issue," and (2) the plaintiff must have sought "compensation through the procedures the State has provided for doing so." *Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186, 194 (1985). If these two prongs, referred to as the "finality" prong and the "exhaustion" prong respectively, are not satisfied, the claim is unripe and must be dismissed for lack of subject matter jurisdiction. *Carson Harbor Vill., Ltd. v. City of Carson*, 353 F.3d 824, 830 (9th Cir. 2004).

There is, however, one exception Ryan suggests is relevant here. A "futility exception" can apply to the finality prong: "[u]nder this exception, the requirement of the submission of a development plan is excused if such an application would be an idle and futile act." *Hohbach Realty Co. P'ship v. City of Palo Alto*, No. 10-339-JF (PVT), 2010 WL 2077212, at *8 (N.D. Cal. May 20, 2010) (citing *Kinzli v. City of Santa Cruz*, 818 F.2d 1449, 1454 (9th Cir. 1987)) (internal quotations omitted). For this exception to apply, plaintiff "bears the heavy burden of showing that compliance with local ordinances would be futile." *Id.* (internal alterations omitted).

As explained below, because Ryan fails to satisfy the finality prong, or show applicability of the futility exception, his first claim must be DISMISSED.

1. Finality

Ordinances governing the property at issue here provide the procedures for obtaining a final land use determination. *See*, *e.g.*, *Hodel v. Virginia Surface Mining Reclamation Assn., Inc.*, 452 U.S. 264, 297 (1981) (finding claim unripe where appellees had not availed themselves of variance or waiver procedures provided by act they sought to challenge). Here, the Lincoln Municipal Code ("LMC") details the manner in which property disputes may be filed with and reviewed by the City. Specifically, LMC § 18.54.030 provides, "Applications for a variance or conditional use permit shall be made in writing by the property owner or his agent to the planning commission or . . . city planner, on a form to be prescribed by the commission." *See* ECF No. 20 at 222. After an application is filed, the matter is calendared before the planning commission or city planner for public hearing. *Id.* (copy of LMC § 18.54.040). Under § 18.58.020, the planning commission may grant a variance upon a showing of "special circumstances" related to unique property characteristics or equitable use restrictions. *See id.* at 223.

Here, the City contends Ryan's takings claim as pled cannot satisfy the finality prong because the operative complaint does not allege he filed a variance application with the City; without a variance application no final determination can be made. ECF No. 12–1 at 6–7. In opposition, Ryan claims the City made a final determination when it "communicated [] that he would be unable to build his home because the property was now Open Space," and thereafter "took actions or failed to take actions to prevent [him] from completing construction of his house." ECF No. 16 at 2. Based on the City's acts, Ryan claims he should "not be forced to file applications or variances when the [City] has no intent to grant them." *Id.* at 4. In essence, Ryan argues that a formal determination was made by the City, and that the futility exception applies.

Viewing the complaint in Ryan's favor as required, *see Leite*, 749 F.3d at 1121, Ryan fails to plead facts sufficient to satisfy the finality prong. The complaint alleges the County issued Ryan a building permit for his property in January 2015. FAC ¶ 14. Once Ryan became aware that his property was subject to the Lincoln-Placer annexation, he asked the City what effect the annexation would have on his property. *Id.* ¶¶ 16–17. The City responded by e-mail

that Ryan could "absolutely build his house." *Id.* ¶ 17. Thereafter, both the City and County "took actions or failed to take actions to prevent [him] from completing construction of his house." *Id.* ¶ 18. These actions included the City's knowing exclusion of Ryan's active permits from the formal documents required when it "annexed the property, approved tentative map plans, or processed the [annexation] application." *Id.* ¶ 17. Ryan also alleges the City took further acts, or omitted to take certain acts, given that the location of his proposed residential construction "prevented a future road as part of Phase 1 of the Village 1 development." *Id.* ¶ 18. Finally, Ryan claims that a dispute with the County over the location of a water well led to the County's rejection of his permit renewal and subjected his property to zoning restrictions under the Village 1 Plan. *Id.* ¶¶ 20–21.

Taking Ryan's allegations as true, the complaint makes no mention of Ryan's attempt, if any, to apply for a variance with the City. It is unclear from the complaint which governing body retained jurisdiction over Ryan's building permit: Did the City absorb permitting responsibilities through annexation, or did the County retain that responsibility as might be inferred by the County's denial of Ryan's request to renew his permit? Regardless, the complaint's allegations as pled, fairly construed, mean that Ryan knew his property was subject to the zoning regulations under the Village 1 Plan, and learned he would be "depriv[ed] [] of the use of his property," but made no attempt to apply for a variance. *Id.* ¶ 21. The provisions of the LMC, of which the court has taken notice, provide a framework for seeking variances but nothing in his pleadings indicates Ryan availed himself of this framework. His claims of e-mailed promises and acts of omission or commission by the City, *see id.* ¶¶ 17–18, fall short of establishing any official submission and determination. *See Williamson,* 473 U.S. at 190 (having refused to follow variance formalities, "respondent hardly can maintain that the Commission's disapproval of the preliminary plat was equivalent to a final decision that no variances would be granted.").

The futility exception does not relieve Ryan of these shortcomings. The exception may apply to the "extent that development [or variance] application procedures are either unfair or unreasonably slow." *Zilber v. Town of Moraga*, 692 F. Supp. 1195, 1206 (N.D. Cal. 1988).

7

1 | But, as noted above, the Ninth Circuit places a heavy burden on the proponent of the exception.
2 | *Am. Sav. & Loan Ass'n v. Marin Cty.*, 653 F.2d 364, 371 (9th Cir. 1981). Conclusory allegations
3 | of a city's "mere opposition" to a proposed development or variance do not satisfy this burden,
4 | and such allegations "need not be accepted" by the court. *Hohbach*, 2010 WL 2077212, at *8.
5 | Here, the court cannot find the futility exception applies where Ryan has not pled even the
6 | slightest facts alleging his attempt to test the efficiency or inequity of the City's variance
7 | application process. Ryan merely argues, in his opposition brief, that he "should not be forced to
8 | file applications, or variances when the [City] has no intent to grant them." ECF No. 16 at 4.
9 | Such a bare assertion fails to satisfy the burden Ryan bears in the Ninth Circuit. *Am. Sav. &*
10 | *Loan*, 653 F.2d at 371.

### 2. Exhaustion

Because Ryan has not satisfied the finality prong, the court need not reach the merits of the exhaustion prong. That said, the court does address Ryan's request that the court abstain from ruling on exhaustion until the U.S. Supreme Court has decided the case of *Knick v. Twp. of Scott, PA*, in which the Court has granted certiorari on the question of whether *Williamson* should be abrogated to the extent it requires exhaustion of state court remedies for takings claims to ripen. *See Knick*, 138 S. Ct. 1262 (limited grant of certiorari; Mar. 5, 2018); 2017 WL 5158056 (petition for writ of certiorari articulating question of exhaustion); *see also* ECF No. 16 at 7.

This court is bound to apply current Supreme Court precedent unless an intervening decision demands otherwise. *Pan-Pac. & Low Ball Cable Television Co. v. Pac. Union Co.*, 919 F.2d 145 (9th Cir. 1990) ("The Supreme Court's decisions are binding on all pending appellate court cases, pursuant to the doctrine of limited retroactivity"); *In re Consol. U.S. Atmospheric Testing Litig.*, 820 F.2d 982, 991 (9th Cir. 1987) ("As a general rule, a judge should apply the law in effect on the date of a decision."). Regarding the exhaustion prong, *Williamson* binds this court at this time and there is no persuasive reason for the court to abstain or stay a decision here pending a decision in *Knick*.

B.  Claim Two: Due Process

Ryan also brings a claim for violation of his due process rights under the Fourteenth Amendment. FAC ¶¶ 27–32. The City argues the claim is a substantive due process claim and therefore subject to the same ripeness analysis as the inverse condemnation claim, as discussed above. *See* ECF No. 12–1 at 8 (citing *Galland v. City of Clovis*, 24 Cal. 4th 1003, 1034–1035 (2001), as modified (Mar. 21, 2001)). Ryan has not responded to this argument. *See generally* ECF No. 16. For the reasons set forth below, whether the due process claim is substantive or procedural is immaterial; the City's motion is GRANTED as to claim two.

First, although the complaint does not explicitly state whether Ryan's due process claim is brought on substantive or procedural grounds, the complaint's language suggests a procedural basis for the claim. *See* FAC ¶ 30 (persons must be "enabl[ed] . . . to contest the basis upon which a State proposes to deprive them of protected interests."); *id.* ("The core of these requirements is notice and a hearing . . ."); *id.* ¶ 31 ("Plaintiff was given no notice . . . or any opportunity to defend his property rights."). If procedural deprivation is indeed the claim, the applicability of the ripeness analysis to such a claim depends on the circumstances of the case. *Harris v. County of Riverside*, 904 F.2d 497, 500 (9th Cir. 1990). In *Harris*, plaintiff challenged the county's rezoning of his property from commercial to residential. *Id.* at 499. In determining the ripeness analysis did not apply, the court explained: "In contrast to [plaintiff's] taking claim, however, his procedural due process claim challenges the rezoning decision in isolation, as a single decision with its own consequences, rather than as one in a series of County actions resulting in a taking." *Id.* at 501. Conversely, in *Herrington v. County of Sonoma*, the court engaged in ripeness analysis where plaintiff's "procedural due process claim . . . relates to the *process* by which the County reached its conclusion." 857 F.2d 567, 569 n.1 (9th Cir. 1988) (emphasis in original).

Here, Ryan's due process claim as pled implicates the collective actions of the City and County by which the alleged deprivation occurred, rather than identifying a procedural deprivation in isolation. The operative complaint alleges not only a lack of notice regarding the proposed annexation, FAC ¶ 16, but also a bureaucratic runaround delaying Ryan's permit

renewal, *id.* ¶ 19, and various permitting and zoning tactics to impede Ryan's full use of his property, *id.* ¶¶ 21–22. When a claim implicates the process of deprivation more than the decision itself, as here, it gives rise to ripeness concerns "whether the initial decisionmaker has arrived at a definitive position on the issue that inflicts an actual concrete injury." *Harris*, 904 F.2d at 500 (quoting *Williamson*, 473 U.S. at 193). Ryan's procedural due process claim thus is subject to the same ripeness analysis engaged in above, and must be dismissed for the same reasons.

Second, even if Ryan were making a substantive due process claim, the outcome would be the same. The Ninth Circuit addressed the distinction between a Fifth Amendment takings claim and a substantive due process claim in *Crown Point Dev., Inc. v. City of Sun Valley*, 506 F.3d 851 (9th Cir. 2007). In *Crown Point*, the court noted that following two intervening Supreme Court decisions, its prior precedent of *Armendariz v. Penman*, 75 F.3d 1311 (9th Cir. 1996), could no longer be read to preclude as a general rule substantive due process claims as a means of challenging land use regulation. 507 F.3d at 856 (discussing effects of *County of Sacramento v. Lewis*, 523 U.S. 833 (1998) and *Lingle v. Chevron U.S.A., Inc.*, 125 S. Ct. 2074 (2005) on *Armendariz*). In *Crown Point*, the circuit clarified that "the Fifth Amendment w[ill] preclude a due process challenge only if the alleged conduct is actually covered by the Takings Clause." *Id.* at 855. As the court explained, the actions pled in support of a substantive due process claim must yield to construction as a takings claim if they fit any one of the following categories: "where [the] government requires an owner to suffer a permanent physical invasion of property; where a regulation deprives an owner of all economically beneficial use of property; and where the *Penn Central* factors are met, *Penn Central Transp. Co. v. New York City*, 438 U.S. 104, 124 (1978) [regulation has economic impact on claimant, has interfered with investment-backed expectations, and government action resembles physical deprivation]." *Id.* (some citations omitted). If any of these categories applies, a substantive due process claim is properly a takings claim and subject to the same ripeness requirements as any claim brought expressly under the Fifth Amendment.

Here, whether Ryan's due process claim falls into any of these categories is best determined by addressing the threshold question posed in *Crown Point* and comparing his allegations to substantive due process pleadings standards in the property context. To sufficiently plead an independent substantive due process claim, Ryan must show, among other things, that the City's actions "lacked a rational relationship to a government interest." *N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 485 (9th Cir. 2008); *see also Christensen v. Yolo Cty. Bd. of Sup'rs*, 995 F.2d 161, 165 (9th Cir. 1993) ("The rational relationship test also applies to substantive due process challenges to property zoning ordinances."). Ryan does not allege the absence of such a relationship. The complaint merely claims that Ryan "was given no notice as to the taking of his property . . . or any opportunity to defend his property rights." FAC ¶¶ 27–32. Neither does he make any allegation the City acted in a manner devoid of any legitimate interest. Rather, as noted above, he simply asserts without any factual detail that "the [City] has no intent to grant" him a variance or approve an application he submits, and then leaps to the conclusion he "should not be forced to file applications, or variances . . ." ECF No. 16 at 4.

Because Ryan has not pled proper grounds for an independent substantive due process claim, his due process allegations are properly construed as a takings claim and concerning either a government action resulting in permanent or physical deprivation of property, or a deprivation of all economically beneficial use of the property. *See Crown Point*, 506 F.3d at 855. The court need not consider whether the *Penn Central* factors are met.

Under any analysis, claim two must be dismissed on ripeness grounds for the same reason as claim one, failure to satisfy the finality prong.

C. <u>Claims Three, Four and Five</u>

The court's dismissal of claims one and two means the court does not have subject matter jurisdiction based on these claims. "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This rule leaves the court with no discretion to exercise supplemental jurisdiction over state claims. *Herman Family Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001). Here, because the remaining claims against the City involve matters of state

law—false promise and intentional misrepresentation—the court lacks the power to exercise supplemental jurisdiction over them.

### D. Dismissal Without Leave to Amend

Federal Rule of Civil Procedure 15 provides that "[t]he court should freely give leave [to amend] when justice so requires." However, leave to amend may be denied where there is evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). If subject matter jurisdiction is in doubt or appears lacking, "[a]n action should be dismissed . . . only if it is clear that the jurisdiction deficiency cannot be cured by amendment." *Castle v. United States*, No. C 01-0543 MEJ, 2001 WL 1602689, at *5 (N.D. Cal. Dec. 10, 2001).

Here, granting amendment would be futile and cause undue delay, not because Ryan is clearly incapable of eventually curing the deficiencies in the complaint, but because of the length of the administrative process Ryan still must undergo to satisfy the ripeness requirement. Although the court has discretion when setting a time period for amendment, *see* 4 A.L.R. Fed. 123 (originally published in 1970), traditionally that period is closely anchored to the 21-day default period provided by Federal Rule of Civil Procedure 15(a). *See, e.g., De Chellis v. Ocwen Loan Servicing LLC*, No. 2:13-CV-0148-KJM-CMK, 2014 WL 1330648, at *1 (E.D. Cal. Mar. 31, 2014) (granting 30 days to amend complaint); *see also Gauchat-Hargis v. Forest River, Inc.*, No. CIV S-11-2737 KJM, 2012 WL 5187980, at *2 (E.D. Cal. Oct. 18, 2012) (granting plaintiff 14 days to file amended complaint). Granting Ryan sufficient time to cure his complaint would stretch the standard period for amendment unreasonably and cause prejudice if not undue delay to the City by requiring it to continue to respond to this litigation when the claims against the City are premature at best. For those reasons, the court grants the City's motion and declines to grant leave to amend in this case at this time.

## IV. CONCLUSION

For the foregoing reasons, the City of Lincoln's motion to dismiss is GRANTED without prejudice, and the court declines to grant Ryan leave to amend any claims related to the City. This order resolves ECF No. 12. The Clerk of Court is directed to enter judgment on behalf of the City of Lincoln only, and this matter is to remain open as to the County of Placer.

IT IS SO ORDERED.

DATED: December 5, 2018.

UNITED STATES DISTRICT JUDGE