UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. RYAN, | No. 2:18-cv-00096-KJM-DB |
| Plaintiff, | |
| v. | ORDER |
| CITY OF LINCOLN, et al., | |
| Defendants. | |

On December 6, 2018, the court granted the City of Lincoln's motion to dismiss without leave to amend, effectively ending Ryan's suit against the City. *See* ECF No. 27. Ryan now asks the court to vacate its order by granting leave to amend his complaint, claiming he can allege additional facts that will support the futility exception under the Fifth Amendment's takings analysis. ECF No. 32. The City opposes the motion, ECF No. 36, and Ryan has replied, ECF No. 37. On January 25, 2019, the court heard oral argument, then submitted the matter for resolution by written order. After consideration, and for the reasons set forth below, Ryan's motion to amend is DENIED.

I.  FACTUAL AND PROCEDURAL BACKGROUND

The court in its December 6, 2018 order on the motion to dismiss set forth the relevant facts of this case. ECF No. 27. Those facts, in large part, are reproduced here as necessary for the purposes of this order.

1

Ryan's First Amended Complaint ("FAC") alleges five claims against the City, among other defendants, related to defendants' alleged taking of Ryan's property for public use without providing just compensation. FAC ¶ 23. Two of Ryan's claims are federal claims: Inverse condemnation in violation of the Fifth Amendment (claim 1) and violation of due process under the Fourteenth Amendment (claim 2). *Id.* ¶¶ 23–32. The other three claims are state claims: Making a false promise (claim 3) and two claims for intentional misrepresentation (claims 4 and 5). *Id.* ¶¶ 33–44. Ryan purchased the property that is the subject of his claims — 968 Virginiatown Road, Lincoln, California — in 2001. *Id.* ¶¶ 12–13. In January 2015, Placer County issued Ryan a residential construction permit to build his personal residence on the property. *Id.* ¶¶ 13–14, 17, 20. On May 6, 2015, the City formally began annexation proceedings with respect to a large portion of County territory to facilitate development of a master-plan community known as the Lincoln Village 1 Specific Plan ("Village 1 Plan"). *Id.* ¶ 15. Ryan's property sits within the territory that the City ultimately annexed. *Id.* Ryan alleges he did not receive notice from the City of the annexation until after it become final, *id.* ¶ 16; he says the City promised him, despite the annexation, that he could still "absolutely build his house," *id.* ¶ 17; but the City and County then conspired to prevent him from completing construction of his home, *id.* ¶ 18. Further, Ryan alleges County officials informed him on March 14, 2017, of a discrepancy involving a water well on his property and told him that if the discrepancy was not resolved by the residential construction permit's expiration date of May 5, 2017, the County would not renew his permit. *Id.* ¶¶ 14, 20. Ryan did not resolve the discrepancy and the County declined to renew his permit. *Id.* ¶ 21. Finally, Ryan claims the City has demanded he move the pad on which he will build his new house to a new location, which is cost prohibitive. *Id.* Alternatively, Ryan alleges the City has effectively rendered his property void of all intended use by zoning the property "Open Space" under the Village 1 Plan. *Id.*

On May 11, 2018, the City moved to dismiss Ryan's complaint, arguing the court lacks subject matter jurisdiction because Ryan's inverse condemnation claim based on the Fifth Amendment is not ripe, and all remaining claims must also be dismissed for lack of subject matter jurisdiction. ECF No. 12. In its December 6, 2018 order, the court agreed that under the Fifth

Amendment Ryan is required to show, among other things, that a final regulatory determination had been made affecting his property, or that he is excepted from obtaining a decision because such a request would be futile.[1] ECF No. 27 at 5. By failing to plead facts sufficient to support either of these requirements, the court found it lacked subject matter jurisdiction over the claims and granted the City's motion to dismiss. *Id.* at 13. In so doing, the court denied Ryan an opportunity to amend, reasoning that, "granting amendment would be futile and cause undue delay, not because Ryan is clearly incapable of eventually curing the deficiencies in the complaint, but because of the length of the administrative process Ryan still must undergo to satisfy the ripeness requirement." *Id.* at 12. Ryan now seeks a reprieve from the court's order, claiming that "if granted leave to amend, he could amend his pleadings to allege that seeking a variance would be a futile act as the variance ordinance precludes the granting of a variance to allow a residence in open space." ECF No. 32-1 at 2. Having considered the parties' arguments, the court resolves the motion here.

II. <u>LEGAL STANDARD</u>

A motion for reconsideration or relief from judgment is appropriately brought under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (citing *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989)). The motion "is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) if it is filed [within the 28-day window provided by that Rule]. Otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order." *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001) (citations omitted).

---

[1] On July 18, 2019, the court provided the parties the opportunity to brief the relevance if any of the Supreme Court's recent decision in *Knick v. Twp. of Scott, Pennsylvania*, 139 S. Ct. 2162 (2019), to the instant reconsideration motion. ECF No. 41. After briefing, *see* ECF Nos. 42 and 43, the parties agree that while *Knick* does overrule the "exhaustion" prong of the ripeness test set forth in *Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186, 194 (1985), it does not disrupt the "finality" prong. Because the court granted the City's motion to dismiss on the finality prong alone, *Knick* does not control the court's determination of plaintiff's motion here. The court agrees. *See Campbell v. United States*, No. 2018-2014, 2019 WL 3483204, at *6 n. (Fed. Cir. Aug. 1, 2019) (noting *Williamson's* finality requirement "remains good law under *Knick*").

3

1  Because Ryan filed his motion within 28 days of entry of judgment as to the City, the court treats
2  the motion as a motion for reconsideration under Rule 59(e).
3  "Under Rule 59(e), a motion for reconsideration should not be granted, absent
4  highly unusual circumstances, unless the district court is presented with newly discovered
5  evidence, committed clear error, or if there is an intervening change in the controlling law."
6  *Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted).  Further,
7  Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or
8  circumstances are claimed to exist which did not exist or were not shown upon such prior motion,
9  or what other grounds exist for the motion; and . . . why the facts or circumstances were not
10 shown at the time of the prior motion."  E.D. Cal. L.R. 230(j)(3)–(4).

III. DISCUSSION

Ryan argues Lincoln Municipal Code ("LMC") § 18.58.030 demonstrates that any effort to seek a variance with the City would be futile, thus satisfying the futility exception to the finality prong under a takings analysis.  ECF No. 32-1 at 2; *see also Kinzli v. City of Santa Cruz*, 818 F.2d 1449, 1454 (9th Cir.) (internal quotation marks and citation omitted) ("Under this [futility] exception, the requirement of the submission of a development plan is excused if such an application would be an idle and futile act."), *as amended*, 830 F.2d 968 (9th Cir. 1987).  LMC § 18.58.030 provides: "[T]he city planner shall not grant a variance which is not otherwise expressly authorized by the zoning regulation governing the parcel of property."  Ryan argues that because his property is zoned "open space" under the Village 1 Plan, and residential use is prohibited in an area zoned for open space, City officials are precluded from granting a residential-use variance under LMC § 18.58.030.  ECF No. 32-1 at 2.

In opposition, the City argues Ryan asserts no new facts justifying relief and "does not assert that the City lacks authority to grant administrative relief."  ECF No. 36 at 4.  In support, the City points to the declaration of Matt Wheeler, Community Development Director for the City.  ECF No. 36-1.  In his declaration, Wheeler avers "Ryan has not submitted a formal development plan to the City," and "[s]ince Ryan no longer has a pending permit with the County, he will need to proceed with a re-zoning application, which includes a request to amend

the Village 1 Specific Plan and the City's General Plan." *Id.* ¶¶ 2, 5. Wheeler also states that any "proposed amendments and zone change would need to be approved by both the Planning Commission and the City Council at public hearings." *Id.* ¶ 5. In reply, Ryan argues the City is injecting new arguments, "namely that an application to rezone the property should be required in order to exhaust administrative remedies," rather than addressing the variance application issue the parties argued in the briefing on the prior motion to dismiss. ECF No. 37 at 4.

The court finds Ryan's argument unpersuasive. Ryan does not explain why the availability of an administrative determination through a rezoning application, rather than a variance application, alters the court's analysis. Rather, it appears the application processes for rezoning and variances are substantially similar. *Compare* LMC §§ 18.54.030–040, 18.58.010–020, ECF No. 20 at 222–23 (explaining variance application, hearing and review process), *with* City of Lincoln Universal Application Form, ECF No. 36-1 at 5–12 (providing for rezoning request), *and* Wheeler Decl. ¶ 5 ("[P]roposed amendments and zone change would need to be approved by both the Planning Commission and the City Council at public hearings."). Further, whether a municipality's action is a zoning determination or a variance decision does not affect the pre-filing requirements for a takings claim to be brought in federal court. Indeed, zoning determinations lie at the heart of much takings jurisprudence. *See, e.g.*, *Harris v. Cty. of Riverside*, 904 F.2d 497, 500 (9th Cir. 1990) ("The linchpin of [plaintiff's] ripeness argument, and by implication his taking and related claims, is the rezoning of his property."); *Eide v. Sarasota Cty.*, 908 F.2d 716, 727 (11th Cir. 1990) ("[W]e are not satisfied that the consideration of [plaintiff's] arguments . . . establishes that the County would not grant him commercial zoning if he applied for rezoning."); *Pace Res., Inc. v. Shrewsbury Twp.*, 808 F.2d 1023, 1030 (3d Cir. 1987) (rezoning of plaintiff's property "from industrial to agricultural use cannot support a taking claim under principles of taking analysis"). That rezoning may have been the better path for Ryan to pursue, even though the court did not address that option in its prior order, merely underscores that there were a number of avenues by which Ryan could have sought an administrative determination. Yet, instead of availing himself of one of those options, he chose to seek immediate relief in federal court.

Although the court resolves the pending motion on its merits, the court notes that Ryan here for the first time identifies LMC § 18.58.030 as a basis for his futility argument. Neither Ryan's original complaint, ECF No. 1, his first amended complaint, ECF No. 4, his opposition to the City's motion to dismiss, ECF No. 16, nor his request for judicial notice, ECF No. 17, point to § 18.58.030 for support. Even assuming § 18.58.030 is on point, Ryan provides no explanation regarding why he did not rely on § 18.58.030 before, in opposition to the City's motion to dismiss. While the court previously took judicial notice of portions of the municipal code provided by the City, *see* ECF Nos. 20, 27 at 3–5, it was not the court's responsibility to comb through the entire code in search of provisions favorable to Ryan's position. *See Clarke v. Tannin, Inc.*, 301 F. Supp. 3d 1150, 1161 (S.D. Ala. 2018) ("[T]he Court will not manufacture or support arguments on behalf of the litigants."). In this respect, Ryan has not satisfied Local Rule 230(j)(4)'s threshold requirement that he explain "why the facts or circumstances were not shown at the time of the prior motion."

In any event, in light of the merits analysis set forth above and the record before the court, it appears a viable framework for Ryan to seek a final administrative determination still exists, even if it is not the variance procedure the court addressed in resolving the parties' motion to dismiss; Ryan has failed to avail himself of that framework. Wheeler Decl. ¶ 3 ("Ryan has not submitted a formal development plan to the City.").

Ryan's motion to amend is DENIED for failing to provide any grounds on which the court should alter or amend its prior order.

IV. CONCLUSION

Ryan's motion to amend, ECF No. 32, is DENIED.

IT IS SO ORDERED.

DATED: September 18, 2019.

_____
UNITED STATES DISTRICT JUDGE